IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

J.T. a minor, by and through his next friend
and mother K.M.                                                                                                   PLAINTIFF

V.                                                                     CAUSE NO.: 1:15CV193-SA-SAA

THE LEE COUNTY SCHOOL DISTRICT,
JIMMY WEEKS, Superintendent;
LEE BRUCE, Principal of Mooreville High School;
SHERRY MASK, Lee County School Board President;
MIKE MITCHELL, Lee County School Board Vice President;
MARY EDWARDS, Lee County School Board Secretary;
RONNIE BELL, Lee County School Board Member; and
HAL SWANN, Lee County School Board Member          DEFENDANTS

ORDER ON PARTIAL SUMMARY JUDGMENT

Defendants seek partial summary judgment on a discrete issue involving Plaintiff's state law claims. In particular, Defendants contend that Plaintiff's failure to send written notice as required by the Mississippi Tort Claims Act precludes their state law claims.

Plaintiff filed his Complaint in the Lee County Chancery Court seeking injunctive and declaratory relief, nominal damages, and costs and reasonable attorney's fees. Defendants contend that as Plaintiff failed to provide ninety days written notice as required under the Mississippi Tort Claims Act, Plaintiff's state law claims should be dismissed.

Plaintiff admits that no notice was filed pursuant to Mississippi Code Section 11-46-1. He counters, however, that he has not instituted a tort action, or an action seeking compensatory damages; therefore, the MTCA requirements are inapposite here.

It is well settled that the MTCA "provides the exclusive remedy against a governmental entity and its employees for acts or omissions which give rise to a suit." *McCoy v. City of Florence*, 949 So.2d 69, 77 (Miss. Ct. App. 2006). It is equally well settled, however, that

sovereign immunity does not prevent plaintiffs from seeking declaratory relief. *State v. Hinds County Bd. of Supervisors,* 635 So.2d 839, 842 (Miss. 1994); *City of Belmont v. Mississippi State Tax Comm'n*, 860 So. 2d 289, 296 (Miss. 2003); *Homebuilders Ass'n of Mississippi, Inc. v. City of Brandon, Miss.*, Civil Action No.: 3:07cv716-WHB, 2009 WL 1635763, at *13 (S.D. Miss., June 10, 2009).

Therefore, to the extent Plaintiff seeks compensatory damages on his state law claims, the Court finds that Defendants are entitled to summary judgment on those claims based on the failure to provide written notice as required under the MTCA. MISS. CODE ANN. § 11-46-11(1). To the extent Plaintiffs seek declaratory, injunctive, and equitable relief through their state law claims, the Court finds that Defendants are not entitled to summary judgment based on the failure to provide written notice. *See Atlantic Specialty Ins. Co. v. Webster Cnty., Miss.*, Civil Action No.: 1:13cv023-SA, 2014 WL 3437019, *6-7 (N.D. Miss. July 11, 2014); *Albert and Helen Ma v. City of Columbus*, Civil Action No.: 1:97cv056-NBB, 1997 WL 560941, at *2 (N.D. Miss. Aug. 4, 1997) (MTCA has no application to plaintiffs' claim for declaratory relief); *Greyhound Welfare Found. v. Miss. State Univ.*, 736 So. 2d 1048 (Miss. 1999) (holding that the MTCA "applies only to tort suits for money damages").

## *Conclusion*

Defendants' Motion for Partial Summary Judgment is GRANTED IN PART and DENIED IN PART.

SO ORDERED, this the 19th day of August, 2016.

                                                 /s/ Sharion Aycock
                                                 **U.S. DISTRICT JUDGE**